UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| BRANDON QUINTIN SHAW, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-84-NCC |
| | ) |
| RANDOLPH COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Brandon Quintin Shaw, an inmate at the Moberly Correctional Center ("MCC"), for leave to commence this civil action without prepayment of the required filing fee.[1] Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $18.11. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

---

[1] Plaintiff filed two motions for leave to proceed *in forma pauperis*, but only one, filed on October 12, 2018, was accompanied by the required certified inmate account statement. The Court will therefore consider this motion, and deny as moot the earlier-filed motion.

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $90.50. The Court will therefore assess an initial partial filing fee of $18.10, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this case pursuant to 42 U.S.C. § 1983 against Randolph County, Scott Hayes (a judge in the Randolph County Circuit Court), Joshua Hawley (the Attorney General of the State of Missouri), Stephen D. Hawke and Olivea A. Myers (Assistant Attorneys General), Anne Precythe (the Director of the Missouri Department of Corrections ("MDOC")), and Dean Minor (the MCC Warden).

Plaintiff's claims stem from a petition for writ of habeas corpus he filed in state court in 2017, related to a 2001 state court judgment. Condensed and summarized, he alleges as follows.

In 2001, plaintiff was sentenced to serve 20 years in prison.[2] Due to plaintiff's indigence, the sentencing judge ordered attorney Terence W. Niehoff to represent plaintiff on direct appeal.

In April of 2017, plaintiff filed a petition for writ of habeas corpus in state court pursuant to Missouri Supreme Court Rule 91, challenging the legality of his confinement. *Shaw v. Sachse*, No. 17SL-CC04713 (21st Jud. Cir. 2017). The Court ordered Sachse, plaintiff's custodian at the time, to show cause why the petition should not be granted. Plaintiff filed motions and memoranda in the case, alleging, *inter alia*, that certain individuals had conspired with Niehoff to defraud the court. Plaintiff forwarded these documents to Hawley and Hawke. Myers entered her appearance for Hawley and Minor.

Plaintiff repeatedly alleges that Hawley, Hawke and Myers presented, and conspired with Minor to present, false and fabricated evidence on behalf of the respondent in the case. Throughout the complaint, he sets forth his allegations in the following manner:

> Perspectively, between November 2017 and February 2018, Hawley and/or Hawke with Myers to present false and fabricated evidence against plaintiff to the St. Louis County Circuit Court; and on February 7, 2018, Myers filed her "response to order to show cause" in the St. Louis County Circuit Court, in Case No.#17SL-CC04713, and Myers knowingly presented false evidence of material and physical facts against plaintiff in her "response to order to show cause", relying on the extraneous evidence of the false testimony of private attorney Terence w. Niehoff from plaintiff's past state habeas corpus proceedings in Mississippi County Circuit Court-case No.#03CV745852, the Missouri Court of Appeals for the Southern District-Case No.#SD26567, and Missouri Supreme Court-Case No.#SC87077, in which the aforesaid courts acted in excess of their jurisdiction when they relied on the extraneous evidence of the false testimony of private attorney Terence w. Niehoff that was/is inconsistent with the record of the sentencing proceeding in St. Louis City Circuit Court, Case No.#011-01498,

---

[2] Review of public state court records shows that, on October 3, 2001, a jury in the Circuit Court for the City of St. Louis convicted plaintiff of two counts of first degree assault, and two counts of armed criminal action. On November 30, 2001, the Honorable Thomas C. Grady sentenced plaintiff to a total of 20 years' imprisonment. Plaintiff did not seek direct review or post-conviction relief.

On June 12, 2009, plaintiff filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *Shaw v. Steele*, No. 4:06-cv-936-FRB. On August 21, 2009, after determining that plaintiff had failed to allege circumstances warranting application of the doctrine of equitable tolling, the petition was dismissed as untimely.

4

> denying plaintiff habeas corpus relief, (Plaintiff's Exhibit F, pp.2-4); contrary, to plaintiff giving notice to Hawley and Hawke that the aforesaid evidence used by Myers in her "response to show cause order" was/is false. (Plaintiff's Exhibit E.).

(Docket No. 1 at 11-12). Attached to the complaint are 108 pages of state court records.

In April 2018, plaintiff filed an Informal Resolution Request ("IRR") at MCC, alleging that Precythe and Minor were violating his liberty interests and unlawfully holding him, inasmuch as he had established his right to habeas relief and the respondents had failed to show cause that his confinement was legal. He sent the IRR to Precythe.

On May 29, 2018, after plaintiff was transferred to MCC (and into the custody of Minor), the state court granted a change of venue, transferring plaintiff's case to the 14th Judicial Circuit Court in Randolph County and assigning it case number 18RA-CV00653. Hawley, Hawke and Minor conspired with Myers to present false and fabricated evidence against plaintiff on behalf of Minor. On June 22, 2018, plaintiff filed a grievance giving Minor notice that his original sentence was a void judgment, and that Minor and Sachse had violated state law and owed plaintiff $3,000.

On July 17, 2018, Judge Hayes did not issue a writ of habeas corpus releasing plaintiff from custody, even though plaintiff had established entitlement to relief and the respondents had failed to show legal cause for his continued confinement.[3] Plaintiff states he is therefore entitled to immediate release from custody. He claims Randolph County was deliberately indifferent to him by failing to order his release; various defendants presented, and conspired with each other to present, false and fabricated evidence against him; Hawley failed to train his employees; Minor was deliberately indifferent in causing plaintiff to remain incarcerated; and Precythe failed to train Minor. Plaintiff seeks various forms of injunctive relief, including his immediate release

---

[3] Review of the record in *Shaw v. Sachse*, No. 18RA-CV00653 (14th Jud. Cir. 2018) shows that Judge Hayes signed a Memorandum, Order and Judgment on August 2, 2018, denying plaintiff habeas relief and entering judgment on behalf of the respondent.

5

and disciplinary proceedings against Hawley, Hawke and Myers. He also seeks "nominal" damages in the amount of $30,000 from each defendant, an unspecified amount of compensatory damages, and punitive damages in the amount of $100,000 from each defendant.

## Discussion

To the extent plaintiff can be understood to seek relief pursuant to § 1983, the complaint is subject to dismissal. As an initial matter, the Court notes that the complaint contains merely conclusory allegations that are based entirely upon plaintiff's own speculation and conjecture. They are therefore not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678. In addition, Hawley, Hawke and Myers cannot be held liable for wrongs they allegedly committed while performing their advocacy functions in defending the state officer in plaintiff's state cases. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *McConnell v. King*, 42 F.3d 471 (8th Cir. 1994) (citing *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988)). Similarly, Judge Hayes cannot be held liable for damages for wrongs he allegedly committed in the course of performing his judicial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 434-35 (1976) (*citing Pierson v. Ray*, 386 U.S. 547 (1967)). Plaintiff's allegations against Randolph County are entirely conclusory, and fail to state a viable *Monell* claim. *See Ulrich v. Pope County*, 715 F.3d 1054, 1061 (8th Cir. 2013); *Spiller v. City of Texas City, Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997). Finally, although plaintiff's repeated attempts to demonstrate the illegality of his confinement have failed, he alleges to this Court that Precythe and Minor are liable to him because they are keeping him illegally confined. These allegations lack any arguable basis in law or fact, and are therefore frivolous. *See Neitzke,* 490 U.S. at 328.

To the extent plaintiff can be understood to seek relief pursuant to 28 U.S.C. § 2254, this case is subject to dismissal because, as noted above, plaintiff has already sought and been denied

6

federal habeas relief, and has not obtained leave from the United States Court of Appeals for the Eighth Circuit to bring a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). To the extent plaintiff can be understood to ask this Court to review the state court's decision in his state habeas case, such request is denied. With the exception of federal habeas corpus petitions, federal district courts lack subject matter jurisdiction over challenges to state court judgments. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) (lower federal courts may not sit in review of a state court decision); *see also Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). As plaintiff has stated no federal cause of action, the Court declines to take jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's duplicate motion to proceed *in forma pauperis* (Docket No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $18.11 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of October, 2018.

　　　　　　　　　　　　　　　　　　*Ronnie L. White*
　　　　　　　　　　　　　　　　　　RONNIE L. WHITE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE